Mr. Justice Thacher
delivered the opinion of the court.
Appeal from the probate court of Clairborne county.
War filed his petition in the probate court for a partition of a lot of land in the town of Port Gibson. The petitioner alleges that he has intermarried with one of several persons to whom the lot of land had been jointly conveyed. To the petition an answer was subsequently filed in behalf of the other persons alleged to be interested in the said lot of land, some of whom are infants, which denies that War has any right, title or interest in the lot of land, or in any part thereof. No proof was adduced upon either side, but the court decreed that partition should be made by commissioners according to the mode prescribed by law.
It will be seen, from the foregoing statement of facts contained in the record, that the petition does not present a prima facie case of title in the petitioner, and that the answer absolutely denies all title in him. The statute having been given to the use of any person being a coparcener, joint tenant, or tenant in common, an answer to a petition under this statute asserting the absence of all title and interest in the petitioner to the land sought to be divided, puts in issue his title to the remedy by questioning the claim to the capacity in which alone it can be enjoyed. It is the business of the petitioner to establish, his right to the remedy, and if it be denied, he should sustain it by *750 competent proof. The record does not' show that this requisite to compel a favorable decree was produced by the petitioner.
The judgment of the court below is reversed, with directions to dismiss the appellee’s petition in the court below, but without prejudice to his future proceedings in the matter.